PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1991 Honda Accord struck a hole on 1-79 near Fairmont, Marion County. 1-79 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 1:30p.m. and3:00p.m. on September 3, 2003, a clear day. 1-79 is a four-lane highway and Mr. Yanchak was driving on a bridge in the area where this incident occurred. He testified that he was proceeding southbound on the interstate at around sixty-five miles per hour in his right lane or the “slow” lane. He stated that he had not seen the hole previously. Claimants’ vehicle sustained damage to the right front rim, tire, and hubcap, totaling $229.06.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-79 at the site of the claimant’s accident for the date in question.
Norman Cunningham, a crew supervisor for the respondent in the 1-79, Section 1, Goshen Road office, testified that he had no knowledge of the hole on 1-79 near Fairmont for the date in question or the days immediately prior. Mr. Cunningham stated that the first notice his office received of a hole on the 1-79 bridge was on September 4, *189 2003. Respondent received a telephone call from the West Virginia State Police informing their office of a large hole on 1-79. Crews then went to repair the hole, only to find that it was a full-depth hole meaning a hole that goes all the way through the bridge deck. Mr. Cunningham stated that he then contacted the bridge department, and respondent and the bridge department repaired the hole that day. He further stated that while the hole was on an interstate bridge, his office and the bridge department work together to implement bridge repairs, including patching of holes. Respondent maintains that it did not have actual or constructive notice of any holes on 1-79 prior to claimants’ incident.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs1. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 a. Cl. 103 (1986).
In the instant claim, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. Respondent described this hole as a full-depth hole, a hole that goes all the way through the bridge deck. The size of the hole and the time of the year in which this incident occurred leads the Court to conclude that respondent had constructive, if not actual, notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $229.06.
Award of $229.06.